# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| MARVIN T. GLOVER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | Case No. 23-00140-CV-W-BP-P |
| vs. | ) | Crim. No. 19-00288-01-CR-W-BP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER DENYING MOVANT'S MOTION UNDER 28 U.S.C. § 2255, DENYING A CERTIFICATE OF APPEALABILITY, AND DISMISSING CASE

Movant, who is incarcerated at the FCI Yazoo City Low in Yazoo City, Mississippi, pursuant to a conviction and sentence entered in the above-cited criminal case, filed *pro se* this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Docs. 1, 2. Respondent has filed suggestions in opposition to Movant's motion. Doc. 7. Movant has filed a reply thereto. Doc. 11. Because this Court finds that the motion, files, and record conclusively show that Movant is not entitled to relief,[1] Movant's motion is denied, a certificate of appealability is denied, and this case is dismissed.

**I. Background**.

On December 11, 2019, a superseding indictment was returned in this Court charging Movant with the following: conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846 (Count One); distribution of some amount of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count Two); possession with intent to distribute cocaine base, cocaine, and PCP in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count Three); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count Four); felon in possession of a firearm in violation of 18 U.S.C.

---

[1] "A Section 2255 movant is entitled to an evidentiary hearing . . . unless the motion, files, and record conclusively show he is not entitled to relief." *Roundtree v. United States*, 751 F.3d 923, 925 (8th Cir. 2014) (citation and internal quotation omitted).

§§ 922(g)(1) and 924(a)(2) (Count Five); and possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count Six). Crim. Doc. 15.[2]

Movant ultimately pleaded guilty to Counts Two, Three, and Four pursuant to a written plea agreement with the Government. Crim. Docs. 43, 44. In the plea agreement, which contained a factual basis for the guilty plea, Movant consented to the sentencing procedures to be utilized by this Court and represented that he was entering into the plea agreement knowingly and voluntarily and that he was satisfied with his counsel's representation. Crim. Doc. 44, pp. 2-9, 14. At Movant's change-of-plea hearing, Movant stated that he understood the charges and statutory penalties, including the mandatory consecutive penalty for the firearm charge in Count Four. Crim. Doc. 61, pp. 5-7. Movant confirmed that he had read and understood the plea agreement and again represented that he was satisfied with the legal representation he received. *Id*. at 7, 9-16. This Court accepted Movant's guilty plea. *Id*. at 17; Crim. Doc. 43.

A Presentence Investigation Report ("PSR") was subsequently issued, which contained a recitation of the offense conduct and calculated a base offense level of 24 under U.S.S.G § 2D1.1(c)(8) based on the converted drug weight. Crim. Doc. 48, pp. 6-9. The PSR then applied a two-level enhancement for maintaining a premises for the purpose of manufacturing or distributing a controlled substance under § 2D1.1(b)(12) and a three-level reduction for acceptance of responsibility under § 3E1.1(a) and (b), resulting in a total offense level of 23. *Id*. at 9-10 After ascribing a criminal history category of III, the PSR calculated a statutory range of up to 20 years' imprisonment on Counts Two and Three, an advisory range of 57 to 71 months on Counts Two and Three, and a statutory range of five years to life on Count Four, to be imposed consecutive to the sentence on Counts Two and Three. *Id*. at 10-12, 17. In addition to objecting to the criminal history calculation, defense counsel objected to the two-level enhancement under § 2D1.1(b)(12), arguing that Movant did not reside in the residence, did not hold a possessory interest in the residence, and did not control access and activities at the residence. *Id*. at 20-21.

Movant appeared for sentencing on March 2, 2022, at which time Movant stated that he had reviewed the PSR, discussed it with his attorney, and had no objections other than those already raised by defense counsel. Crim. Doc. 55; Crim. Doc. 62, p. 3. The Court sustained both

---

[2] "Crim. Doc." refers to the docket number entries in Movant's criminal case, Case No. 19-00288-01-CR-W-BP. "Doc." refers to the docket number entries in Movant's associated civil case, Case No. 23-00140-CV-W-BP-P . Page number citations refer to the page numbers assigned by the CM/ECF electronic docketing system.

of Movant's objections, resulting in Movant's total offense level and criminal history category being recalculated to 21 and II, respectively, and the advisory Sentencing Guidelines range being revised to 41 to 51 months on Counts Two and Three with a statutory consecutive 60-month sentence on Count Four. Crim. Doc. 62, pp. 3-19. After hearing counsels' sentencing recommendations and from Movant personally, this Court discussed the statutory sentencing factors and sentenced Movant to 36 months' imprisonment on Counts Two and Three and a consecutive 60 months' imprisonment on Count Four. *Id*. at 19-26; Crim. Docs. 55, 57. Movant did not appeal.

Movant now seeks relief under 28 U.S.C. § 2255. Docs. 1, 2. Additional relevant facts in the record are set forth below in this Court's discussion of Movant's grounds for relief.

**II. Standard**

Title 28 U.S.C. § 2255 provides that an individual in federal custody may file a motion to vacate, set aside, or correct his or her sentence. A motion under this statute "is not a substitute for a direct appeal and is not the proper way to complain about simple trial errors." *Anderson v. United States,* 25 F.3d 704, 706 (8th Cir. 1994) (internal citations omitted). Instead, § 2255 provides a statutory avenue through which to address constitutional or jurisdictional errors and errors of law that "constitute[ ] a fundamental defect which inherently results in a complete miscarriage of justice." *Sun Bear v. United States,* 644 F.3d 700, 704 (8th Cir. 2011) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

**III. Discussion**

Movant raises three grounds of ineffective assistance of counsel, wherein Movant claims that defense counsel failed to argue that (1) the firearm was not in Movant's possession, (2) Movant did not own the residence and, therefore, "there was no possessory interest in either the property or the contraband," and (3) his conviction under Count Four "cannot be served consecutive to a statute of conviction with no mandatory minimum." Doc. 1, pp. 4-7; Doc. 2, pp. 7-19. Respondent argues that Movant's grounds are without merit and that any underlying challenge to his sentence is not cognizable. Doc. 7, pp. 7-15. In reply, Movant reiterates that, because he was not in possession of the drugs or firearm, defense counsel should not have advised him to plead guilty. Doc. 11. Because Movant's grounds for relief fail for many of the same reasons and include

common issues of law and fact, they will be discussed collectively.

"A guilty plea waives all defects except those that are jurisdictional." *United States v. Todd*, 521 F.3d 891, 895 (8th Cir. 2008) (internal quotation omitted); *see also Walker v. United States*, 115 F.3d 603, 604 (8th Cir. 1997) ("[A] valid guilty plea forecloses an attack on a conviction unless on the face of the record the court had no power to enter the conviction or impose the sentence.") (internal quotation omitted). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Instead, such a Movant "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in [*McMann v. Richardson*, 397 U.S. 759 (1970)]." *Id*. Statements made by a defendant in court under oath should not be lightly set aside and "constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S.63, 74 (1977); *see also Ingrassia v. Armontrout*, 902 F.2d 1368, 1370 (8th Cir. 1990) (representations made during the plea hearing "carry a strong degree of verity and pose a formidable barrier in any subsequent collateral proceedings").

"A guilty plea is invalid only if it does not represent a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Easter v. Norris*, 100 F.3d 523, 525 (8th Cir. 1996). Accordingly, "a defendant must have knowledge of the law in relation to the facts." *Id*. (citation omitted). However, "'[t]he rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision.'" *U.S. v. Gomez*, 326 F.3d 971, 975 (8th Cir. 2003) (quoting *Brady v. United States,* 397 U.S. 742, 757 (1970)).

To establish that counsel was ineffective, Movant must "show that his 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense.'" *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir. 1995) (quoting *Lawrence v. Armontrout*, 961 F.2d 113, 115 (8th Cir. 1992)); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish prejudice, Movant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. Both prongs of this test

4

must be established in order to be entitled to § 2255 relief; failure to establish either one of the prongs is fatal to a claim of ineffective assistance of counsel. *Id.* at 697.

Movant fails to establish that defense counsel was ineffective under the foregoing standard in any of his grounds for relief. Insofar as Movant argues in Grounds 1 and 2 that defense counsel was ineffective for advising him to plead guilty despite Movant not possessing the firearm or having a possessory interest in the residence where it was found, Movant's allegations are refuted by the record. According to the plea agreement and PSR, a confidential source purchased half a gram of cocaine base from Movant at the residence, at which time a black handgun was seen on a table in the living room in plain view. Doc. 44, p. 2; Doc. 48, p. 6. A search warrant was later executed at the residence, wherein Movant was detained after he was seen exiting the southwest bedroom. *Id*. From that bedroom, officers recovered a black Coach backpack containing a loaded Taurus .38 Special, 33.36 grams of marijuana, 0.35 grams of cocaine base, and a digital scale. *Id*. Elsewhere in the room, officers found 213.23 grams of cocaine; ten live rounds of .38 ammunition; a blue backpack containing rubber bands, vacuum sealer rolls, and a vacuum sealer; a glass plate containing white residue and razor blades; and an LG cellular phone containing pictures of Movant, including self-portraits of Movant where he was taking pictures of himself in the mirror. *Id*. DNA testing established that Movant was included as a major contributor to the DNA on the firearm's grip. Doc. 48, p. 7. In the plea agreement, Movant stated that he possessed the drugs with intent to distribute them in exchange for money and that he possessed the firearm in furtherance of his drug trafficking offenses. Doc. 44, pp. 2-3. At Movant's change-of-plea hearing, Movant stated that everything set forth in the factual basis of the plea agreement was true. Doc. 61, pp. 13-14. At Movant's sentencing hearing, Movant stated that he had read the PSR and that he did not have any objections beyond those raised by his attorney. Doc. 62, p. 3.

Movant fails to establish that defense counsel's representation was deficient when she advised Movant to plead guilty in light of the above facts. Even if Movant had presented evidence of another permanent residence, defense counsel reasonably could have advised that the Government would have been able to establish that Movant utilized the southwest bedroom and otherwise possessed a firearm in furtherance of drug trafficking. Insofar as Movant contends that the Government could not establish a nexus between the firearm and drugs, the record establishes that the drugs were found in the same room as the firearm and in plain sight during the drug buy. Doc. 44, p. 2; Doc. 48, p. 6; *see United States v. Vang,* 3 F.4th 1064, 1067 (8th Cir. 2021) (finding

sufficient evidence for a jury to infer a nexus between a firearm and drug trafficking offense where drug money and drug ledgers were found in the same room as the firearm); *United States v. Rush-Richardson*, 574 F.3d 906, 909–10 (8th Cir. 2009) (evidence was sufficient where guns were found in a bedroom closet across the hall from another bedroom containing drugs and in a nearby kitchen containing drug paraphernalia and residue).

The change-of-plea proceedings establish that, after receiving defense counsel's advice, Movant entered a knowing and voluntary guilty plea that greatly mitigated his overall sentence. Crim. Docs. 44, 61. In light of Movant's plea, the Government agreed to dismiss Counts One, Five, and Six, and Movant received a three-level reduction for acceptance of responsibility. Doc. 44, p. 6; Doc. 48, p. 10. Defense counsel also successfully challenged the enhancement for maintaining a premises for drug trafficking and successfully argued for a downward variance on Counts One and Two. Doc. 62, pp. 3-4, 22, 24-26. Because Movant fails to establish that defense counsel's performance on these issues was deficient or that his plea was not entered knowingly and voluntarily, Grounds 1 and 2 are denied.

Insofar as Movant argues in Ground 3 that defense counsel was ineffective for failing to argue that his sentence in Count Four was not required to be served consecutive to an offense with no mandatory minimum, Movant's underlying legal arguments are mistaken. Title 18 U.S.C. § 924(c)(1)(D)(ii) provides that "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed." Movant acknowledged at his change-of-plea hearing that the sentence on Count Four would be consecutive to any sentence imposed on the other two counts. Crim. Doc. 61, p. 13. Although Movant cites to Commentary N. 4 of U.S.S.G. § 5G1.2 (Doc. 2, pp. 18-19), that note merely advises courts on how to impose a sentence after determining the appropriate sentence for the charges. Therefore, Movant fails to present any appropriate grounds on which defense counsel might have argued that his sentence on Count Four should not be run consecutively to the other two counts. Movant fails otherwise to establish any other appropriate ground on which to challenge this sentence. Instead, this Court imposed an appropriate sentence after considering all of the relevant sentencing factors. Consequently, Ground 3 is denied.

Ultimately, none of Movant's arguments or claims establish that his plea or sentence are

invalid or were otherwise the result of ineffective assistance of counsel. Rather, the record before this Court indicates that Movant entered a knowing and voluntary plea and received an appropriate sentence within the statutory range of punishment. For these reasons and in light of the record before this Court, Movant's § 2255 motion is denied.

**IV. Certificate of Appealability**

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to Movant. A certificate of appealability may be issued "only if [Movant] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because Movant has made no such showing, the Court declines to issue a certificate of appealability.

**V. Conclusion**

For the foregoing reasons, Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is denied, a certificate of appealability is denied, and this case is dismissed.

It is so **ORDERED**.

/s/ Beth Phillips_____
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: May 16, 2023.